COMMISSIONER OF BANKS, petitioner, *in re* MEDFORD TRUST COMPANY.

Middlesex.   April 8, 1932. — May 19, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Trust Company,* Liquidation proceedings: parties. *Equity Pleading and Practice,* Parties, Appeal.

Where, upon a petition by the commissioner of banks, in possession of a bank under G. L. c. 167, for leave to sell certain collateral for notes held by the bank, notice was issued to and served upon the maker of one of the notes, who was named in the petition but who did not take any steps to make himself a party to the proceedings until after the entry of a decree allowing the petition, when he filed a claim of appeal therefrom and from a refusal by the single justice of a request by him that the material facts be reported, such maker was not a party aggrieved by the decree and he had no standing to claim the appeal nor right to request a report of the material facts.

Other claims of appeals by such appellant, from a decree allowing another similar petition in which there was no allegation concerning him and of which no notice was issued to him, and from a refusal by the single justice of a request by him that the material facts be reported, also were futile, he having no standing entitling him to appeal.

TWO PETITIONS, filed by the commissioner of banks in possession of Medford Trust Company under G. L. c. 167, in the Supreme Judicial Court for the county of Middlesex on November 30, 1931, and January 11, 1932, respectively, described in the opinion.

Decrees on the first petition, and a decree on the second petition, were entered by order of *Crosby,* J., and *Sanderson,* J., respectively.   Appeals by one Mabey therefrom and from the refusal by the single justices to report the material facts are described in the opinion.

*W. S. Thompson,* for Mabey.

*A. E. Whittemore,* for commissioner of banks.

RUGG, C.J. These are two petitions by the commissioner of banks in possession under G. L. c. 167 of the Medford Trust Company and of the Industrial Bank & Trust Company. The first petition, after allegations of facts, concludes with a prayer for an order authorizing the commissioner of banks to sell described property held as collateral on certain overdue and unpaid notes of said banks. One of these notes was made by H. S. Mabey. On this petition an order of notice issued to Mabey among others, and return of service on him was made. The record consists of the petition, the order of notice, the return of service, a decree entered on December 22, 1931, authorizing the sale of the specified collateral, and a second decree entered on December 29, 1931, authorizing the sale at a more advantageous price, although on different terms, appeals by Mabey from each decree, a decision by the single justice refusing a request by Mabey for a report of the material facts under G. L. c. 214, § 23, as amended by St. 1931, c. 426, § 282, and an appeal by Mabey from this decision.

Notwithstanding the order of notice to him, Mabey took no steps to make himself a party to the proceedings. His only connection with the case, so far as appears, was the filing of appeals and a request to the single justice to make a finding of material facts. Not having attempted to avail himself of any means of becoming a party to the proceeding, he had no right to request a finding of material facts and no standing to claim an appeal from the decrees. There is nothing on the record to show that he is a party aggrieved, who alone may appeal from a decree in equity.

The commissioner of banks in the second petition seeks leave to sell other collateral deposited as security for overdue and unpaid obligations held by the Medford Trust Company. There is no allegation touching Mabey in this petition, and no order of notice issued to him. So far as appears he had no relation to the matter until after the entry of a decree, when he filed an appeal and requested a finding by the single justice of the material facts and

appealed from the refusal to make such findings. He is in no position to appeal. The attempted appeals were futile.

It is not necessary to consider questions that might have arisen touching G. L. c. 167, § 24, and its force and scope if Mabey had put himself in a position to present them.

*Appeals dismissed.*